IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KEVIN ROBERTSON,

        Plaintiff,

v.                                      CIVIL ACTION NO. 3:16-3846

ANDREW SAUL, in his
official capacity as Commissioner
of the Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is Plaintiff Kevin Robertson's "Motion for Relief Under Rule 60(b)." *Mot. for Relief*, ECF No. 44. Defendant Andrew Saul, Commissioner of the Social Security Administration, timely filed a Response opposing Plaintiff's Motion. *Resp. in Opp'n*, ECF No. 48. Plaintiff did the same with his Reply. *Reply*, ECF No. 51. The issues have been fully briefed and Plaintiff's Motion is ripe for resolution. For the reasons set forth below, the Court **DENIES** the Motion.

**I. BACKGROUND**

Only a limited recounting of the factual circumstances underlying this case is necessary to resolve Plaintiff's Motion.[1] Employed as a land surveyor, Plaintiff began experiencing debilitating mood swings and panic attacks in 2006 that he alleged rendered his work impossible. *Robertson*

---

[1] A fuller recounting of the factual and procedural background of this case can be found in the Court's March 28, 2017, Memorandum Opinion and Order, which granted Defendant's Motion to Dismiss this action. *See Robertson v. Berryhill*, No. 3:16-3846, 2017 WL 1170873 (S.D.W. Va. Mar. 28, 2017).

*v. Berryhill*, No. 3:16-3846, 2017 WL 1170873, at *2 (S.D.W. Va. Mar. 28, 2017). He unsuccessfully applied to the Social Security Administration ("SSA") for disability benefits, and on appeal retained Kentucky attorney Eric Conn to represent him. *Id.* at *1. Unbeknownst to Plaintiff, Conn was in the midst of directing an expansive scheme to defraud the Social Security program by working with several medical providers and an administrative law judge to obtain disability benefits for otherwise ineligible applicants. *Id.* at *1–2. With Conn's help, Plaintiff succeeded in his appeal in 2010 and began receiving disability benefits. *Id.* Yet when the SSA learned of Conn's ongoing ploy, it conducted redetermination hearings on a number of Conn's clients to determine whether they qualified for benefits at the time of their original application. *Id.* at *2. In Plaintiff's case, medical evidence stemming from a consultation with Dr. David P. Herr was excluded from the redetermination proceedings because of his role in Conn's fraud scheme. *Id*. A hearing was conducted in front of an administrative law judge ("ALJ") in 2015, who determined that the remaining evidence in Plaintiff's record was not enough to establish a disability. *Id.*

Plaintiff's benefits were terminated in accordance with the ALJ's decision, and after the decision became final he appealed to this Court pursuant to 42 U.S.C. § 405(g). *Id.* He argued that the procedures used in the redetermination process violated constitutional guarantees of procedural due process, the Social Security Act, and the Administrative Procedure Act ("APA"). *Id.* at *3. Defendant filed a motion to dismiss and argued that Plaintiff had failed to state a claim upon which relief could be granted. The Court agreed, reasoning that Plaintiff had not alleged facts that could give rise to a constitutional or statutory claim for relief. *Id.* at *4–17. Plaintiff did not appeal the Court's decision, but instead filed the instant Motion seeking relief from the Court's earlier

judgment just over three years later. *Mot. for Relief*, at 1. Before addressing its substance, the Court will briefly review the legal standards governing consideration of the Motion.

## II. LEGAL STANDARD

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for, *inter alia*, "any . . . reason that justifies relief." While this provision includes no concrete textual limitations, "its context requires that it may be invoked in only 'extraordinary circumstances.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)). The Fourth Circuit Court of Appeals has "thus required—in addition to the explicitly stated requirements that the motion under Rule 60(b)(6) be filed on 'just terms' and within 'a reasonable time'—that the party filing the motion have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." *Id.* at 501. This is no easy burden to begin with, but it is particularly substantial where a party has made the "voluntary, deliberate, free [and] untrammeled choice" not to appeal an original judgment. *Ackermann v. United States*, 340 U.S. 193, 200 (1950). It follows that "[i]f the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment," such motions should be denied "as merely an inappropriate substitute for an appeal." *Aikens*, 652 F.3d at 501.

## III. DISCUSSION

Plaintiff's argument is straightforward: that the Sixth Circuit Court of Appeals' decision in *Hicks v. Commissioner of Social Security*, 909 F.3d 786 (6th Cir. 2018), is grounds for relief in this Court.[2] *See generally Mem. of Law*, ECF No. 45. Writing for a divided panel in *Hicks*, Judge

---

[2] Plaintiff also points to *Kirk v. Berryhill*, 388 F. Supp. 3d 652, 662 (D.S.C. 2019), which adopted "the reasoning of *Hicks* in toto."

Moore held that the SSA's redetermination procedures violated the Fifth Amendment's Due Process Clause as well as the APA. *See Hicks*, 909 F.3d at 796–809. Judge Rogers dissented, arguing that the majority failed to properly apply *Mathews v. Eldridge*, 424 U.S. 319, 343 (1976), to the plaintiffs' due process claims and had erroneously concluded that the SSA had violated the APA. Yet this entire discussion—as well as Plaintiff's reliance on *Hicks*—is misplaced for the simple reason that the Southern District of West Virginia does not lie within the Sixth Circuit. Out-of-circuit precedent does not bind this Court, and *Hicks* is (at best) nothing more than persuasive authority within the Fourth Circuit. *See McBurney v. Young*, 667 F.3d 454, 465 (4th Cir. 2012), *aff'd*, 569 U.S. 221 (2013). In any event, the Court considered the same issues as the Sixth Circuit in *Hicks* and simply reached the opposite conclusion with respect to Plaintiff's due process and APA claims. Revisiting that decision today, the Court perceives no basis to reverse its own reasoning.

Even if this were not the case, "[i]t is a well[-]settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Plaintiff elected not to appeal the Court's judgment in 2017, as was his right. But the fact remains that "[i]t is the office of appeal that is designed to correct perceived errors, and any appeal is governed by an independent set of rules and time considerations." *Aikens*, 652 F.3d at 502. Plaintiff made a deliberate choice not to file an appeal, and cannot escape the natural consequence of that decision by attempting to bootstrap an appeal of this Court's judgment onto a Rule 60(b) motion.

To put matters plainly: the Court is not deaf to the apparent inconsistency of withholding relief from West Virginia plaintiffs that is otherwise available to Kentucky plaintiffs. But to reason that this distinction alone warrants reversal of a final judgment of this Court would have

implications far beyond this matter. Federal law differs from circuit to circuit; that much is inherent in the structure of the federal judiciary itself. And much as courts may attempt to limit those differences, they are often deepened by the evolving interpretation of any number of legal issues and doctrines. *See, e.g.*, *Joyner v. Forsyth Cnty., N.C.*, 653 341, 356 (4th Cir. 2011) (Niemeyer, J., dissenting) (criticizing majority for creating circuit split). Yet "a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)," *Dowell*, 993 F.2d at 48, and any other view would subject a court's judgment to a theoretically endless course of re-litigation. A final decision is just that—final—and Plaintiff's Motion must be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion, ECF No. 44, and **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: June 5, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE